IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| LARRY F. LEE, a single man,<br><br>Plaintiff,<br><br>v.<br><br>MANN BRACKEN, LLC, a Georgia Limited Liability Company, UNKNOWN DEFENDANTS, including an UNKNOWN COLLECTION AGENCY, and ESKANOS & ADLER, P.C, a California Professional Corporation,<br><br>Defendants. | Case Number:<br><br>COMPLAINT |

## I. INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et. seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, under Wash. Rev. Code §§ 19.86, *et seq.* (2009), the Washington Consumer Protection Act for unlawful or deceptive acts or practices (CPA) and Wash. Rev. Code §§ 19.16, *et seq.* (2009), the Washington Collection Agency Act (WCAA). The last two are brought under the court's supplemental jurisdiction.



JAMES STURDEVANT
ATTORNEY AT LAW
BELLINGHAM TOWERS #310
119 N. COMMERCIAL
BELLINGHAM, WASHINGTON 98225
(360) 671-2990
E-MAIL: sturde@openaccess.org

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue is based on 28 U.S.C. § 1391(b)(2), for the plaintiff, Larry Lee, lived in Whatcom County, Washington, during the events described below.

## III. PARTIES

3. Plaintiff, Larry Lee (Lee) is an adult. At the time of the events described herein he was and remains a resident of Whatcom County, Washington.

4. Defendants:

A. Mann Bracken, LLC (Mann) is a Georgia limited liability company and a law firm. It is a "debt collector" as defined in 15 U.S.C. § 1692a(6).

B. Plaintiff names unknown defendants and an unknown collection agency for he believes he has claims against parties other than Mann. But it will take discovery to determine their identities.

C. Eskanos & Adler, P.C., is a California Professional Corporation from Concord, California and a law firm.

## IV. FACTUAL ALLEGATIONS

### Background

5. Lee had a credit card with a financial entity with the words "Capital One" in its name. Using the credit card he incurred a "debt" as defined in 15 U.S.C. § 1692a(5). The



JAMES STURDEVANT
ATTORNEY AT LAW
BELLINGHAM TOWERS #310
119 N. COMMERCIAL
BELLINGHAM, WASHINGTON 98225
(360) 671-2990
E-MAIL: sturde@openaccess.org

debt was primarily for personal, family and household purposes. Because of unexpected medical expenses, he was unable to continue to make timely payment on the debt.

COLLECTION

6. On information and belief, plaintiff alleges that this Capital One financial entity assigned the Lee account to a collection agency. He does not know the name of the collection agency and thus calls it "Unknown Collection Agency" (Unknown). Unknown's failure to do business in its real name violates 15 U.S.C. §§ 1692e, e(10) & e(14) and Wash. Rev. Code 19.16.110 & 250(15) (2009). Again on information and belief, he alleges that Unknown hired the law firm of Eskanos and Adler, P.C. (Eskanos) to collect the debt.

7. Attached Exhibit "A" is a letter dated May 21, 2008, that he received from Eskanos. It outlines an agreement he entered with it to pay the debt. According to the terms of the agreement, he was to pay $2,000.00 down and then $350.00 on the 30th of each month thereafter until the debt was paid in full. The letter misstated the principal and interest. But he sent the $2,000.00 payment. This misstatement violates 15 U.S.C. §§ 1692e, 1692e(2), 1692f, 1692f(1) and Wash. Rev. Code 19.16.250(15), (18), (19) (2009). Exhibit "B" is a June 11, 2009, letter he received from Eskanos. It reminded him of his $350.00 monthly payment and without his



JAMES STURDEVANT
ATTORNEY AT LAW
BELLINGHAM TOWERS #310
119 N. COMMERCIAL
BELLINGHAM, WASHINGTON 98225
(360) 671-2990
E-MAIL: sturde@openaccess.org

assent it changed the payment date from the 30th of the month to the 25th of the month. This unilateral change of the payment date violates 15 U.S.C. §§ 1692e(5), 1692f, 1692f(1). He made the $350.00 payment.

8. On information and belief, plaintiff alleges that sometime between June 11, 2008, and July 16, 2008, Mann purchased Eskanos. Exhibit "C" is a true and correct copy of a letter he received from Mann. It was the first time that he had heard anything from Mann. The letter does not contain the notice required of 15 U.S.C. § 1692g. The envelope for the letter is postmarked July 17, 2008, and he received it July 18, 2008.

9. Exhibit "D" is a true and correct copy of the declaration of service. It indicates that Eskanos served plaintiff on July 21, 2008, with the summons and complaint (Exhibit "E"). The summons and complaint had not been filed and did not have a docket number. They were also drafted on the legal stationary of Eskanos. The plaintiff in the state court lawsuit is named as Capital One Bank (USA), N.A. It has no beneficial interest in the debt and thus no standing to file the lawsuit. On information and belief, plaintiff in the instant lawsuit alleges that Capital One Bank (USA) N.A. "rents" its name to Unknown. It rents its name in an attempt to allow Unknown to circumvent the Common Law prohibition of



JAMES STURDEVANT
ATTORNEY AT LAW
BELLINGHAM TOWERS #310
119 N. COMMERCIAL
BELLINGHAM, WASHINGTON 98225
(360) 671-2990
E-MAIL: sturde@openaccess.org

assignments of choses in action. Wash. Super. Ct. Civ. R. 17(d) (2009) incorporates Wash. Rev. Code. Ann. § 4.08.080 (2009) into it. The cited statute is legislation that allows the assignment of choses in actions, if and only if the plaintiff proves a written assignment signed by an authorized person. Such an assignment must be alleged and proved before a plaintiff has standing to bring a lawsuit on the chose in action.

10. On July 24, 2008, he called the telephone number on the July 16, 2008, letter. He made his second $350.00 payment. He asked Donna Smith about the July 16, 2008, letter and the service of the summons and complaint. She stated that they had decided to sue him, implied that suing him was "normal" and that he should not worry about it. Her statement violated 15 U.S.C. § § 1692e, 1692e(10), 1692f.

11. After the July 24, 2008, telephone call, Lee contacted an attorney. He contacted the attorney because defendants were reneging on the payment agreement. He was upset with their reneging.

12. After the July 24, 2008, telephone call, he talked to his attorney. After he talked to his attorney he received another letter from Mann dated July 31, 2008. Exhibit "F" is a true and correct copy of it. Exhibit "G" is a true and correct copy of the letter dated August 4, 2008, he sent to



JAMES STURDEVANT
ATTORNEY AT LAW
BELLINGHAM TOWERS #310
119 N. COMMERCIAL
BELLINGHAM, WASHINGTON 98225
(360) 671-2990
E-MAIL: sturde@openaccess.org

Donna Smith at Eskanos.

13. He heard nothing further from Mann until March, 2009. Attached Exhibit "H" is a true and correct copy of the letter he received. The letter informed him for the first time that the Capital One had filed the lawsuit against him on December 10, 2008. Its failure to inform him that it had filed the lawsuit when it filed the lawsuit violates 15 U.S.C. §§ 1692e, 1692e(10), 1692f.

14. Enclosed with the Exhibit "H" was a Note and Motion For Default Judgment. A true and correct copy of it is attached Exhibit "I." Attached to the motion is an affidavit by Sharonda Johnson. She is not an employee of Capital One Bank N.A. (U.S.A). The numbers in her affidavit conflict with the numbers in the complaint and in the motion for default judgment. These inconsistent numbers violate 15 U.S.C. §§ 1692e, 1692e(2), 1692f, 1692f(1) and Wash. Rev. Code 19.16.250(15), (18), (19) (2009).

SUMMARY

15. Plaintiff has suffered actual damages as a result of of Defendants' illegal collection actions in his attorney's fees, time spent in defending the lawsuit, costs, mileage and in the form of embarrassment, relationship stress, anger, anxiety, emotional distress, fear, humiliation, and frustration among other negative emotions.



JAMES STURDEVANT
ATTORNEY AT LAW
BELLINGHAM TOWERS #310
119 N. COMMERCIAL
BELLINGHAM, WASHINGTON 98225
(360) 671-2990
E-MAIL: sturde@openaccess.org

## V. CAUSES OF ACTION

Fair Debt Collection Practices Act - 15 U.S.C. § 1692

16. Plaintiff realleges all preceding paragraphs of the complaint and incorporate them herein by this reference.

17. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*

18. As a result of each and every Defendant's violation of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant herein.

Washington State Consumer Protection Act RCW 19.86.

19. Plaintiff realleges all preceding paragraphs of the complaint and incorporates them herein by this reference.

20. Defendants violations of of the FDCPA violate Wash. Rev. Code §§ 19.16, *et seq.* (2009). Through Wash. Rev. Code § 19.16.440 (2009) the defendants' violations of the FDCPA and of Wash. Rev. Code §§ 19.16, *et seq.* also violated Wash. Rev. Code 19.86.010, 020. He is under Wash. Rev. Code §



JAMES STURDEVANT
ATTORNEY AT LAW
BELLINGHAM TOWERS #310
119 N. COMMERCIAL
BELLINGHAM, WASHINGTON 98225
(360) 671-2990
E-MAIL: sturde@openaccess.org

19.86.090 (2009) entitled to judgment against the unknown defendants who are not attorney's acting in their capacities as attorneys for his actual damages, treble damages, costs and attorney's fees.

## VI. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays this Court that judgment be entered against each and every defendant as follows:

A. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against each and every defendant on behalf of plaintiff.

B. Actual damages under 15 U.S.C. § 1692k(a)(1) against each and every defendant.

C. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every defendant.

D. Under Wash. Rev. Code § 19.86.090 (2009), actual damages, treble damages, costs and attorney's fees only against the unknown defendants.

E. Under Wash. Rev. Code § 19.86.090 (2009) an injunction enjoining unknown defendants from bring lawsuits in Washington State without registering with the Washington State Department of Licensing as a collection agency and it must bring collection actions in its name and not rent the name of a bank and an injunction under the FDCPA enjoining



JAMES STURDEVANT
ATTORNEY AT LAW
BELLINGHAM TOWERS #310
119 N. COMMERCIAL
BELLINGHAM, WASHINGTON 98225
(360) 671-2990
E-MAIL: sturde@openaccess.org

Mann from filing a lawsuit after the defendant has noted an appearance without immediately informing the defendant that it has filed the lawsuit.

## VII. JURY DEMAND

Plaintiff hereby demands that this cause be tried by a jury.

Dated this 14th day of July, 2009.

/S/ James Sturdevant

James Sturdevant SBA #8016
Attorney for Plaintiff
119 N. Commercial St. #310
Bellingham, WA 98225
1360-671-2990
sturde@openaccess.org



JAMES STURDEVANT
ATTORNEY AT LAW
BELLINGHAM TOWERS #310
119 N. COMMERCIAL
BELLINGHAM, WASHINGTON 98225
(360) 671-2990
E-MAIL: sturde@openaccess.org